**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEDRO APONTE and | ) |
| KATE DIAZ and PEDRO APONTE, | ) |
| Mother and Father of | ) |
| Angelo Aponte, Minor | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:24 cv 3041 |
| | ) |
| ILLINOIS STATE TROOPER | ) |
| KEVIN BRADLEY, #6932, | ) |
| and UNKNOWN | ) |
| ILLINOIS STATE TROOPERS | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PEDRO APONTE, and KATE DIAZ on behalf of minor

Angelo Aponte by and through counsel, BRANDON BROWN and ANDRE M. GRANT, and

complaining of the defendants, ILLINOIS STATE TROOPER KEVIN BRADLEY, Star #6932,

and UNKNOWN ILLINOIS STATE TROOPERS, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color

of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United

States of America and for declaratory and injunctive relief and for damages against defendants to

enforce Plaintiff's rights granted under the United States Constitution.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; this Court's supplementary jurisdiction powers and pendent jurisdiction as provided under U.S.C. § 1367(a).

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Northern District of Illinois because the facts giving rise to the claims in this Complaint occurred in this district.

## PARTIES

4. PLAINTIFF PEDRO APONTE is a citizen of the United States of America, and at all times relevant resided in Cook County in the State of Illinois, and father of minor Angelo Aponte.

5. PLAINTIFF KATE DIAZ is a citizen of the United States of America, next of kin and mother of minor Angelo Aponte, who is a United States citizen and at all times relevant resided in Cook County in the State of Illinois.

6. DEFENDANTS KEVIN BRADLEY, Star #6932, ("Defendant Trooper") and UNKNOWN ILLINOIS STATE TROOPERS, were, at all times relevant hereto, employed by the State of Illinois as Illinois State Troopers. The Defendants engaged in the conduct complained of in the course of their employment on behalf of the State of Illinois. The Defendants engaged in the conduct complained of while acting under the color of law. They are sued in their individual capacities.

## FACTS

7. On April 15, 2023, Pedro Aponte, was a twenty-six-year-old father of one two-year-old son Angelo Aponte.

8. On or about April 15, 2023, in the evening, Pedro Aponte was traveling northbound on Interstate 294, in an automobile with his son Angelo Aponte.

9. At the time, Angelo Aponte was seated in a child safety seat, in the backseat of the vehicle on the driver's side.

10. At all times, Angelo Aponte was securely fastened in the child safety seat.

11. Sometime in the area of 10:50pm, Angelo Aponte encountered Trooper Kevin Bradley on interstate 294.

12. At the time Angelo Aponte encountered Kevin Bradley, he was not driving erratically or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

13. At the time Angelo Aponte encountered Kevin Bradley, he was not driving speeding or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

14. At the time Angelo Aponte encountered Kevin Bradley, he was not violating the Illinois laws regarding improper lane usage or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

15. At the time Angelo Aponte encountered Kevin Bradley, he was driving safely at all times and he was not doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

16. Nonetheless, Trooper Kevin Bradley pulled his squad car to the rear of Angelo Aponte and followed him at roughly one to two car length range for no less than seventeen minutes.

17. Trooper Kevin Bradley pulled his squad car to the rear of Angelo Aponte and followed Pedro Aponte for more less than seventeen minutes, attempting to intimidate Pedro into committing a driving error that would be grounds for suspicion of driving under the influence.

18. Pedro Aponte did not swerve, speed, or fail to maintain his lane for the entire seventeen minutes that Kevin Bradley followed him on interstate 294.

19. Kevin Bradley later executed a traffic stop on Pedro Aponte.

20. Following the traffic stop, Kevin Bradley spoke to Pedro Aponte on the shoulder of the ramp and spoke to Pedro Aponte.

21. At the time of traffic stop Pedro Aponte did not exhibit any cues of someone under the suspicion of alcohol and Pedro was not under the influence of any alcohol or narcotics.

22. Following the initial traffic stop, Kevin Bradley instructed Pedro Aponte to drive to the parking lot in the rest area and Pedro Aponte complied with the Trooper's request.

23. Trooper Kevin Bradley then followed Pedro Aponte to the parking lot of the rest area.

24. Once at the rest area Trooper Bradley engaged Pedro Aponte in further interrogation.

25. Trooper Bradley then placed Pedro Aponte under arrest for driving under the influence of alcohol.

26. Trooper Bradley then initiated an unlawful search of Pedro Aponte's minor two-year old son Angelo Aponte, who was situated in the back seat of the car.

27. Upon initiation of the search Angelo Aponte, two-year old Angelo Aponte began to cry and weep incessantly.

28. Trooper Bradley then searched Pedro Aponte's car without probable cause, reason or suspicion to do so.

29. Trooper Bradley conducted a full-blown search of Pedro Aponte's automobile, with the doors open and the wind and elements attacking the two-year old Angelo Aponte in the back seat.

30. Trooper Bradley intentionally left the minor Angelo Aponte in an unattended automobile for substantial time period with the car running.

31. After conducting the search, Trooper Bradley charged and cited Pedro Aponte for driving under the influence of alcohol and later the next day for child endangerment.

32. Trooper Bradley had no logical reason to charge Pedro Aponte with either offense.

33. After placing Pedro Aponte under arrest, Trooper Kevin Bradley, placed the two-year old Angelo Aponte in his squad car and transported Angelo to the lockup facility, without exercising the proper child safety measures for transporting a two-year old minor.

34. Trooper Bradley transported Angelo Aponte in unsafe conditions inside of his squad car endangering the minor Angelo Aponte.

35. Trooper Bradley upon arriving at the lockup facility placed the two-year old Angelo Aponte in a locked jail cell.

36. Trooper Bradley would later fabricate false police reports where he fabricated that Pedro Aponte had slurred speech.

37. Trooper Bradley would later fabricate false police reports where he fabricated that Pedro Aponte weaved in traffic.

38. As a result of Trooper Bradley's false charges, Pedro Aponte lost his employment with a respected HVAC company.

39. As a result of Trooper Bradley's false charges, the Department of Children and Family Services initiated an investigation into Pedro Aponte.

40. As a result of the false charges Department of Children and Family Services interfered and instituted measures limiting Pedro Aponte's ability to be with his son.

41. As a result of the false charges Department of Children and Family Services took humiliating pictures of Angelo Aponte.

42. Ultimately on April 4, 2024, Pedro Aponte had his day in court.

43. Following a bench trial, Pedro Aponte was found not guilty on all counts, including the Child Endangerment and Driving Under the Influence charges.

44. The Court in rendering its verdict, noted Trooper Bradley's conduct and reports. The Court specifically noted the video evidence that captured Trooper Bradley's conduct. The Court specifically noted amongst other things that there was no weaving, despite Trooper Bradley writing reports stating as such. The Court further noted that there was no weaving despite Trooper Bradley writing reports reflecting this.

45. As a result of the Defendants' conduct Plaintiff was thus harmed.

46. On April 15, 2023, The Defendant, Trooper Kevin Bradley acted in an intentional and/or willful and wanton manner.

### COUNT I: 42 U.S.C. § 1983 – False Arrest
#### *Against Defendant Troopers*

47. Plaintiff(s) re-allege the above paragraphs as though fully set forth herein.

48. The actions of the Defendant Troopers, constituted unreasonable, unjustifiable behavior and conduct, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiffs' rights, thus violating the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

6

49. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Illegal Search and Seizure
### *Against Defendant Troopers*

50. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

51. The actions of the Defendant Troopers, constituted unreasonable, unjustifiable behavior and conduct, knowingly caused Plaintiffs to be unreasonably seized and searched in violation of the Plaintiffs' rights under U.S. Constitution in violation of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

52. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT III: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

### *Against Defendant Troopers*

53. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

54. The actions of the Defendant Troopers constituted unreasonable, unjustifiable, behavior and conduct against the Plaintiffs, knowingly causing the Plaintiffs to be arrested, imprisoned and detained without probable cause or any other justification, thus violating the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

55. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: Intentional Infliction of Emotional Distress
### *Against Defendant Troopers*

56. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

57. The above-detailed conduct by Defendant Trooper Kevin Bradley was extreme and outrageous, exceeding all bounds of human decency.

58. Defendant Trooper Bradley performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

60. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs did in fact suffer severe emotional distress, were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, fear, and loss of employment.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: Malicious Prosecution
### *Against Defendant Troopers*

61. Plaintiff incorporate paragraphs 1-46 as though fully set forth herein.

62. By the actions detailed above, Defendant Trooper Bradley knowingly sought to and did in fact maliciously prosecute Pedro Aponte on false charges for which he knew there was no probable cause.

63. In the manner described more fully above, Defendant Trooper Bradley accused Plaintiff of criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

65.     As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs did in fact suffer severe emotional distress, were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, fear, and loss of employment.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

By:     /s/ Brandon Brown
                *One of Plaintiffs' Attorneys*

THE BROWN LAW LTD.
4455 S King Drive
Suite 100A
Chicago, IL 60653
T: 773-624-8366
F: 773-624-8365
E: bbrown@thebrownlaw.com