IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO APONTE and<br>KATE DIAZ, and PEDRO APONTE,<br>Mother and Father of Angelo Aponte, Minor,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE TROOPER<br>KEVIN BRADLEY, #6932, *et al.*,<br><br>Defendants. | Case No. 24 C 3041<br><br>Honorable Edmond E. Chang |

**DEFENDANT KEVIN BRADLEY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Kevin Bradley ("Defendant"), by his attorney, Kwame Raoul, Attorney General of Illinois, now responds to Plaintiffs' Complaint as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America and for declaratory and injunctive relief and for damages against defendants to enforce Plaintiff's rights granted under the United States Constitution.

**ANSWER: Defendant admits that the Plaintiffs make the allegations in the above-unnumbered paragraph but denies violating the Plaintiffs' civil rights in any manner whatsoever.**

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendant admits the allegations in Paragraph 1.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; this Court's supplementary jurisdiction powers and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER: Defendant admits that this Court has jurisdiction over proper lawsuits brought under 42 U.S.C. § 1983.**

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Northern District of Illinois because the facts giving rise to the claims in this Complaint occurred in this district.

**ANSWER: Defendant admits that venue is proper.**

## PARTIES

4. PLAINTIFF PEDRO APONTE is a citizen of the United States of America, and at all times relevant resided in Cook County in the State of Illinois, and father of minor Angelo Aponte.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.**

5. PLAINTIFF KATE DIAZ is a citizen of the United States of America, next of kin and mother of minor Angelo Aponte, who is a United States citizen and at all times relevant resided in Cook County in the State of Illinois.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.**

6. DEFENDANTS KEVIN BRADLEY, Star #6932, ("Defendant Trooper") and UNKNOWN ILLINOIS STATE TROOPERS, were, at all times relevant hereto, employed by the State of Illinois as Illinois State Troopers. The Defendants engaged in the conduct complained of in the course of their employment on behalf of the State of Illinois. The Defendants engaged in the conduct complained of while acting under the color of law. They are sued in their individual capacities.

**ANSWER: Defendant admits that on April 15, 2023, he was a trooper employed by the Illinois State Police and that Plaintiffs are suing him in his individual capacity. Defendant denies that he engaged in any unlawful conduct alleged by the Plaintiffs. Defendant is not required to respond to the remaining allegations in Paragraph 6 because they are not directed at him; however, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6.**

## FACTS

7. On April 15, 2023, Pedro Aponte, was a twenty-six-year-old father of one two-year-old son Angelo Aponte.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7.**

8. On or about April 15, 2023, in the evening, Pedro Aponte was traveling northbound on Interstate 294, in an automobile with his son Angelo Aponte.

**ANSWER: Defendant admits that on April 15, 2023, Pedro Aponte was traveling northbound on I-294 and that there was a minor in the rear of the vehicle. Defendant lacks knowledge or**

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.

9. At the time, Angelo Aponte was seated in a child safety seat, in the backseat of the vehicle on the driver's side.

**ANSWER: Defendant admits that when he approached Plaintiff Aponte's stopped vehicle, a child was in a safety seat at the rear of the car. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9.**

10. At all times, Angelo Aponte was securely fastened in the child safety seat.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.**

11. Sometime in the area of 10:50pm, Angelo Aponte encountered Trooper Kevin Bradley on interstate 294.

**ANSWER: Defendant admits the allegations in Paragraph 11.**

12. At the time Angelo Aponte encountered Kevin Bradley, he was not driving erratically or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

**ANSWER: Defendant denies the allegations in Paragraph 12.**

13. At the time Angelo Aponte encountered Kevin Bradley, he was not driving speeding or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

**ANSWER: Defendant denies the allegations in Paragraph 13.**

14. At the time Angelo Aponte encountered Kevin Bradley, he was not violating the Illinois laws regarding improper lane usage or doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

**ANSWER: Defendant denies the allegations in Paragraph 14.**

15. At the time Angelo Aponte encountered Kevin Bradley, he was driving safely at all times and he was not doing anything that would be suspicious of driving under the influence of alcohol or narcotics.

**ANSWER: Defendant denies the allegations in Paragraph 15.**

16. Nonetheless, Trooper Kevin Bradley pulled his squad car to the rear of Angelo Aponte and followed him at roughly one to two car length range for no less than seventeen minutes.

**ANSWER: Defendant admits that he drove behind Plaintiff Pedro Aponte's vehicle at a safe distance for a period of time. Defendant denies the remaining allegations in Paragraph 16.**

17. Trooper Kevin Bradley pulled his squad car to the rear of Angelo Aponte and followed Pedro Aponte for more less than seventeen minutes, attempting to intimidate Pedro into committing a driving error that would be grounds for suspicion of driving under the influence.

**ANSWER: Defendant denies the allegations in Paragraph 17.**

18. Pedro Aponte did not swerve, speed, or fail to maintain his lane for the entire seventeen minutes that Kevin Bradley followed him on interstate 294.

**ANSWER: Defendant denies the allegations in Paragraph 18.**

19. Kevin Bradley later executed a traffic stop on Pedro Aponte.

**ANSWER: Defendant admits that he conducted a traffic stop involving Plaintiff Pedro Aponte, and denies any remaining allegations of Paragraph 19.**

20. Following the traffic stop, Kevin Bradley spoke to Pedro Aponte on the shoulder of the ramp and spoke to Pedro Aponte.

**ANSWER: Defendant admits the allegations in Paragraph 20.**

21. At the time of traffic stop Pedro Aponte did not exhibit any cues of someone under the suspicion of alcohol and Pedro was not under the influence of any alcohol or narcotics.

**ANSWER: Defendant denies the allegations in Paragraph 21.**

22. Following the initial traffic stop, Kevin Bradley instructed Pedro Aponte to drive to the parking lot in the rest area and Pedro Aponte complied with the Trooper's request.

**ANSWER: Defendant admits the allegations in Paragraph 22.**

23. Trooper Kevin Bradley then followed Pedro Aponte to the parking lot of the rest area.

**ANSWER: Defendant admits the allegations in Paragraph 23.**

24. Once at the rest area Trooper Bradley engaged Pedro Aponte in further interrogation.

**ANSWER: Defendant admits that at the gas station rest area, he again approached Plaintiff Pedro Aponte's stopped vehicle and spoke with Plaintiff. Defendant denies any remaining allegations in Paragraph 24.**

25. Trooper Bradley then placed Pedro Aponte under arrest for driving under the influence of alcohol.

**ANSWER: Defendant admits that after a discussion with Plaintiff Pedro Aponte regarding Defendant's suspicion that Plaintiff was driving under the influence of alcohol, Defendant arrested Plaintiff Pedro Aponte for driving under the influence of alcohol. Defendant denies any remaining allegations in Paragraph 25.**

26. Trooper Bradley then initiated an unlawful search of Pedro Aponte's minor two-year old son Angelo Aponte, who was situated in the back seat of the car.

**ANSWER: Defendant denies the allegations in Paragraph 26.**

27. Upon initiation of the search Angelo Aponte, two-year old Angelo Aponte began to cry and weep incessantly.

**ANSWER: Defendant admits that following Plaintiff Pedro Aponte's arrest, the child seated in the rear of Plaintiff's vehicle, presumably Angelo Aponte, began crying. Defendant denies the remaining allegations in Paragraph 27.**

28. Trooper Bradley then searched Pedro Aponte's car without probable cause, reason or suspicion to do so.

**ANSWER: Defendant denies the allegations in Paragraph 28.**

29. Trooper Bradley conducted a full-blown search of Pedro Aponte's automobile, with the doors open and the wind and elements attacking the two-year old Angelo Aponte in the back seat.

**ANSWER: Defendant admits that he conducted an inventory search of Plaintiff Pedro Aponte's vehicle, and that the car doors were open during the search. Defendant denies the remaining allegations in Paragraph 29.**

30. Trooper Bradley intentionally left the minor Angelo Aponte in an unattended automobile for substantial time period with the car running.

**ANSWER: Defendant denies the allegations in Paragraph 30.**

31. After conducting the search, Trooper Bradley charged and cited Pedro Aponte for driving under the influence of alcohol and later the next day for child endangerment.

**ANSWER: Defendant admits that he issued Plaintiff Pedro Aponte citations for driving under the influence, improper lane usage, unlawfully tinted windows, lack of insurance, and having an open container of alcohol. Defendant denies the remaining allegations in Paragraph 31.**

32. Trooper Bradley had no logical reason to charge Pedro Aponte with either offense.

**ANSWER: Defendant denies the allegations in Paragraph 32.**

33. After placing Pedro Aponte under arrest, Trooper Kevin Bradley, placed the two-year old Angelo Aponte in his squad car and transported Angelo to the lockup facility, without exercising the proper child safety measures for transporting a two-year old minor.

**ANSWER: Defendant admits that he placed the minor child in the rear seat of his squad car alongside Plaintiff Pedro Aponte and that he then transported Plaintiff Pedro Aponte and the minor child to a lockup facility. Defendant denies that he transported the child "without**

exercising the proper child safety measures for transporting a two-year-old minor" and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33.

34. Trooper Bradley transported Angelo Aponte in unsafe conditions inside of his squad car endangering the minor Angelo Aponte.

**ANSWER: Defendant denies the allegations in Paragraph 34.**

35. Trooper Bradley upon arriving at the lockup facility placed the two-year old Angelo Aponte in a locked jail cell.

**ANSWER: Defendant denies the allegations in Paragraph 35.**

36. Trooper Bradley would later fabricate false police reports where he fabricated that Pedro Aponte had slurred speech.

**ANSWER: Defendant denies the allegations in Paragraph 36.**

37. Trooper Bradley would later fabricate false police reports where he fabricated that Pedro Aponte weaved in traffic.

**ANSWER: Defendant denies the allegations in Paragraph 37.**

38. As a result of Trooper Bradley's false charges, Pedro Aponte lost his employment with a respected HVAC company.

**ANSWER: Defendant denies that he falsely charged Plaintiff Pedro Aponte and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.**

39. As a result of Trooper Bradley's false charges, the Department of Children and Family Services initiated an investigation into Pedro Aponte.

**ANSWER: Defendant denies that he falsely charged Plaintiff and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39.**

40. As a result of the false charges Department of Children and Family Services interfered and instituted measures limiting Pedro Aponte's ability to be with his son.

**ANSWER: Defendant denies that he falsely charged Plaintiff and lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 40.**

41. As a result of the false charges Department of Children and Family Services took humiliating pictures of Angelo Aponte.

**ANSWER: Defendant denies that he falsely charged Plaintiff. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 41.**

42. Ultimately on April 4, 2024, Pedro Aponte had his day in court.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.**

43. Following a bench trial, Pedro Aponte was found not guilty on all counts, including the Child Endangerment and Driving Under the Influence charges.

**ANSWER: Defendant admits that Plaintiff Pedro Aponte was found not guilty of Driving Under the Influence of Alcohol. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43.**

44. The Court in rendering its verdict, noted Trooper Bradley's conduct and reports. The Court specifically noted the video evidence that captured Trooper Bradley's conduct. The Court specifically noted amongst other things that there was no weaving, despite Trooper Bradley writing reports stating as such. The Court further noted that there was no weaving despite Trooper Bradley writing reports reflecting this.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.**

45. As a result of the Defendants' conduct Plaintiff was thus harmed.

**ANSWER: Defendant denies the allegations in Paragraph 45.**

46. On April 15, 2023, The Defendant, Trooper Kevin Bradley acted in an intentional and/or willful and wanton manner.

**ANSWER: Defendant denies the allegations in Paragraph 46.**

### COUNT I: 42 U.S.C. § 1983 - False Arrest
*Against Defendant Troopers*

47. Plaintiff(s) re-allege the above paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference his answers to Paragraphs 1-46 as if fully set forth herein.**

48. The actions of the Defendant Troopers, constituted unreasonable, unjustifiable behavior and conduct, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiffs' rights, thus violating the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER: Defendant denies the allegations in Paragraph 48.**

49. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

**ANSWER: Defendant denies the allegations in Paragraph 49.**

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

## COUNT II: 42 U.S.C. § 1983 - Illegal Search and Seizure
### *Against Defendant Troopers*

50. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference his answers to Paragraphs 1-46 as if fully set forth herein.**

51. The actions of the Defendant Troopers, constituted unreasonable, unjustifiable behavior and conduct, knowingly caused Plaintiffs to be unreasonably seized and searched in violation of the Plaintiffs' rights under U.S. Constitution in violation of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations in Paragraph 51.**

52. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

**ANSWER: Defendant denies the allegations in Paragraph 52.**

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

## COUNT III: 42 U.S.C. § 1983 - Unlawful Pretrial Detention

### *Against Defendant Troopers*

53. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference his answers to Paragraphs 1-46 as if fully set forth herein.**

54. The actions of the Defendant Troopers constituted unreasonable, unjustifiable, behavior and conduct against the Plaintiffs, knowingly causing the Plaintiffs to be arrested, imprisoned and detained without probable cause or any other justification, thus violating the Plaintiffs' rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations in Paragraph 54.**

55. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, fear, and loss of employment.

**ANSWER: Defendant denies the allegations in Paragraph 55.**

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, pursuant to 42 U.S.C. §1983, demands judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

### COUNT IV: Intentional Infliction of Emotional Distress
### Against Defendant Troopers

56. Plaintiff(s) incorporate paragraphs 1-46 as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference his answers to Paragraphs 1-46 as if fully set forth herein.**

57. The above-detailed conduct by Defendant Trooper Kevin Bradley was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER: Defendant denies the allegations in Paragraph 57.**

58. Defendant Trooper Bradley performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER: Defendant denies the allegations in Paragraph 58.**

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 59.**

60. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs did in fact suffer severe emotional distress, were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, fear, and loss of employment.

**ANSWER: Defendant denies the allegations in Paragraph 60.**

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

## COUNT V: Malicious Prosecution
### *Against Defendant Troopers*

61. Plaintiff incorporate paragraphs 1-46 as though fully set forth herein.

**ANSWER: Defendant hereby restates and incorporates by reference his answers to Paragraphs 1-46 as if fully set forth herein.**

62. By the actions detailed above, Defendant Trooper Bradley knowingly sought to and did in fact maliciously prosecute Pedro Aponte on false charges for which he knew there was no probable cause.

**ANSWER: Defendant denies the allegations in Paragraph 62.**

63. In the manner described more fully above, Defendant Trooper Bradley accused Plaintiff of criminal activity and exerted influence to initiate, continue and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so.

**ANSWER: Defendant denies the allegations in Paragraph 63.**

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 64.**

65. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs did in fact suffer severe emotional distress, were injured, including severe pain, physical injury, mental suffering, anguish and humiliation, fear, and loss of employment.

**ANSWER**: Defendant denies the allegations in Paragraph 65.

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

WHEREFORE the Plaintiffs, PEDRO APONTE and KATE DIAZ, demand judgment against the Defendant Trooper, KEVIN BRADLEY, Star #6932 and UNKNOWN TROOPERS, for compensatory damages, special damages, punitive damages, pecuniary damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER: Defendant denies that Plaintiffs are entitled to the relief requested in the above-unnumbered paragraph or that Plaintiffs are entitled to any relief whatsoever.**

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**: At all times relevant herein, Defendant acted in good faith and in furtherance of lawful objectives without violating the Plaintiffs' clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

**Second Affirmative Defense**: Plaintiffs' state-law claims are barred by the sovereign immunity doctrine, as codified in the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, and therefore may not be brought in federal court.

**Third Affirmative Defense**: At all times relevant herein, Defendant performed uniquely governmental functions that were within his official discretion. Defendant acted within the scope of his authority as an officer and without malicious motives, and is therefore protected from suit on all state-law claims by the doctrine of public official immunity.

## JURY DEMAND

Defendant demands a trial by jury on all issues herein triable.

Dated: August 23, 2024

                                                                  Respectfully submitted,

**KWAME RAOUL**                                                  */s/ Elizabeth J. Andonova Mallory*
Attorney General of Illinois                          ELIZABETH J. ANDONOVA MALLORY
                                                                             Assistant Attorney General
                                                                             General Law Bureau - Civil Rights
                                                                             Government Representation Division
                                                                             Office of the Illinois Attorney General
                                                                             115 South LaSalle Street
                                                                             Chicago, Illinois 60603
                                                                             (312) 814-4355
                                                                             E.AndonovaMallory@ilag.gov