IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO APONTE and KATE DIAZ and PEDRO APONTE, Mother and Father of Angelo Aponte, Minor<br><br>     Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE TROOPER KEVIN BRADLEY, #6932, and UNKNOWN ILLINOIS STATE TROOPERS<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:24 cv 3041<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

The parties file this joint status report as required by this Court's Order (Dkt. 47)

**I. CONFERENCE**

 a. Pursuant to order, the parties have conferred via video teleconference to discuss all matters as previously instructed by the Court.

**II. OUTSTANDING WRITTEN DISCOVERY**

 a. The parties have each responded to written discovery.

 b. On October 29, 2025, Defendant sent Plaintiffs a Rule 37 letter regarding certain discovery disputes. The parties held a meet-and-confer regarding the same on November 6, 2025. Defendant agrees, subject to the Court's approval, to extend Plaintiffs' discovery deadline to November 17, 2025, solely for the purpose of responding to the issues Defendant addressed in his Rule 37 letter.

 c. On November 6, 2025, the Plaintiffs informed the Defendant of outstanding requested disciplinary records of Defendant Kevin Bradley, pertaining to at least one act of misconduct or the allegations of misconduct, where Kevin Bradley is a defendant in Cook County case number, 2025L007007. The Plaintiff has requested that these materials be produced and request additional time to allow for the Defendant to produce these records and update their written discovery responses. Defendant will produce the requested records, which involve one incident, by November 14, 2025. The

        Plaintiff has requested written confirmation that no additional complaints or disciplinary records exist that have not been produced in discovery.

   d. The Plaintiffs have also previously informed the Defendants that the Plaintiff takes issue with the Defendant Bradley's lean discovery responses, but the Plaintiff is still contemplating the wastefulness or lack thereof with pursuing during written discovery, as opposed to pursuing during depositions or other means.

   e. To the extent Plaintiffs are referring to Defendant's ongoing obligations to supplement their production pursuant to Fed. R. Civ. P. 26(e), Defendant will continue to comply with those obligations.

   f. Plaintiffs request an extension of time until November 30, 2025, to complete all written discovery, issue third party document subpoenas and any related production requests. The Plaintiffs' request encompasses disciplinary records requested, that if produced after the deadline, would likely require supplement. Defendant objects to a further extension.

## III.   DEPOSITIONS

   a. The parties have discussed potential deponents. The parties expect to take no less than six depositions.

   b. The parties forecast that party depositions can be completed before January 15, 2025 and the non-party depositions before the current January 30, 2026 deadline, provided the non-parties are available to be deposed.

   c. The parties have not issued non-party deposition subpoenas but Plaintiff requests an extension to issue non-party deposition subpoenas on or before November 30, 2025. The Plaintiffs' request also encompasses disciplinary records requested, that if produced after the deadline, will contain names of unknown non-parties. Defendants object to this request.

Respectfully submitted,

**/s/Brandon Brown**
*One of Plaintiffs' Attorneys*

The Brown Law Ltd.
4455 S. King Drive
Suite 100A
Chicago, IL 60653
(773) 624-8366
bbrown@thebrownlaw.com